UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| IN RE: AIRGATE PCS, INC. SECURITIES LITIGATION | ) CIVIL ACTION ) NO.: 1:02-CV-1291-JOF ) |

## ORDER AND FINAL JUDGMENT

This matter came before this Court for hearing on April 3, 2008, pursuant to

the Court's Order of November 30, 2007 (the "Scheduling Order"), upon the parties'

motion for approval of the Stipulation and Agreement of Settlement dated June 27,

2007 (the "Stipulation").  Whereas the Court has considered all matters submitted to

it at the hearing and otherwise and the entire matter of the Settlement; it appears that

a Notice of Pendency and Proposed Settlement of Class Action, Motion for

Attorneys' Fees, and Settlement Fairness Hearing substantially in the form approved

by the Court was mailed to all members of the Class (as defined below), as shown

by the records of AirGate PCS, Inc.'s ("AirGate" or the "Company") transfer agent,

at the respective addresses set forth in such records, except those persons or entities

excluded from the definition of the Class; a summary notice of the hearing

substantially in the form approved by the Court was published in *Investor's*

*Business Daily* pursuant to the specifications of the Court; the Court has considered

and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; the parties have appeared by their attorneys of record; the attorneys for the respective parties have been heard in support of the Settlement of the Action, and an opportunity to be heard was given to all other persons desiring to be heard as provided in the Notice;

**IT IS HEREBY ORDERED THAT:**

1.      Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, all Class Members and Defendants.

3.      Each of the provisions of Fed. R. Civ. P. 23 has been satisfied and the Litigation has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3).  Specifically, this Court finds, for purposes of a settlement only, that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only

individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      The Litigation is hereby certified as a class action for purposes of settlement, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a class (the "Class") composed of all persons and entities who purchased or otherwise acquired AirGate common stock between December 13, 2001, and May 13, 2002 (the "Class Period"), pursuant or traceable to AirGate's secondary stock offering completed on or about December 14, 2001, and who were damaged thereby.  Excluded from the Class are Defendants; members of the families of each of the Individual Defendants; any parent, subsidiary, affiliate, partner, officer, executive (having the title of Vice President or above) or director of any Defendant during the Class Period; any entity in which any such excluded person has a controlling interest; and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Further, Lead Plaintiff James H. Grant is certified as Class Representative.  The law firms of Abraham Fruchter & Twersky LLP and Chitwood Harley Harnes LLP are certified as Plaintiffs' Lead Counsel (collectively "Class Counsel").

5.      The Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees, and Settlement Fairness Hearing (the "Notice") has been given to the Class pursuant to and in the manner directed by the Scheduling

Order; proof of the mailing of the Notice was filed with the Court; and full opportunity to be heard has been offered to all parties, and the members of the Class. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. 77z-1(1)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, and it is further determined that all members of the Class are bound by this Order and Final Judgment.

6.      The Settlement is found to be fair, reasonable and adequate and in the best interests of the Class, and is hereby approved pursuant to Fed. R. Civ. P. 23(e). The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment.

7.      This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefore.  This Order and Final Judgment shall also not constitute any evidence or admission by any party herein that the claims are without

4

merit or that damages recoverable under the Second Amended Complaint (the

"Complaint") would not have exceeded the amount paid by Defendants in

settlement.

8.     The Complaint, which the Court finds was filed on a good faith basis in

accordance with the Private Securities Litigation Reform Act of 1995 and Rule 11 of

the Federal Rules of Civil Procedure, based upon all publicly available information,

is hereby dismissed with prejudice and without costs, except as provided in the

Stipulation.

9.     Plaintiffs and members of the Class and the successors and assigns of

any of them are hereby permanently barred and enjoined from instituting,

commencing or prosecuting, either directly or in any other capacity, any and all

demands, claims, rights or causes of action or liabilities whatsoever, whether based

on federal, state, local, statutory or common law or any other law, rule or regulation

(whether foreign or domestic), including both known claims and Unknown Claims

(as defined in ¶ V.A.1.(aa) of the Stipulation), accrued claims and not accrued

claims, foreseen claims and unforeseen claims, matured claims and not matured

claims, class or individual in nature, that have been or could have been asserted in

law or in equity in any forum by the Plaintiffs, the Class Members or any of them

against any of the Released Parties that arise out of or relate in any way to the

allegations, transactions, facts, matters or occurrences, representations or omissions

involved, set forth, or referred to in this Action, or that could have been asserted

relating to the purchase of shares of AirGate common stock pursuant or traceable to

AirGate's secondary public offering of common stock that was completed on or

about December 14, 2001, except claims relating to the enforcement of the

Settlement of the Action (the "Settled Claims").  The Settled Claims are hereby

compromised, settled, released, discharged and dismissed as against the Released

Parties on the merits and with prejudice by virtue of the proceedings herein and this

Order and Final Judgment.

10.    Defendants, and their successors and assigns, are hereby permanently

barred and enjoined from instituting, commencing or prosecuting, either directly or

in any other capacity, any and all claims, rights or causes of action or liabilities

whatsoever, whether based on federal, state, local, statutory or common law or any

other law, rule or regulation (whether foreign or domestic), including both known

claims and Unknown Claims, accrued claims and not accrued claims, foreseen

claims and unforeseen claims, matured claims and not matured claims, class or

individual in nature, that have been or could have been asserted in the Litigation by

the Released Parties against any of the Plaintiffs, Class Members and their legal

representatives, heirs, successors or assigns, and/or their attorneys, and arise out of

or relate in any way to the institution, prosecution or settlement of the Litigation, from the beginning of time to the date of the release, except for claims relating to the enforcement of the Settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

11.    The release set forth herein extends to claims that the parties granting the release (the  "Releasing Parties") do not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Parties' decision to enter into the release.

12.    The Plan of Allocation is approved as fair and reasonable, and  Class Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

13.    Class Counsel is hereby awarded attorneys' fees in the amount of $750,000, which sum the Court finds to be fair and reasonable, and are awarded the reimbursement of expenses in the amount of $80,000,  which sums shall be paid to Class Counsel in accordance with the terms of the Stipulation.  In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     the Settlement has created a fund of $2,500,000 in cash and the Class

Members who submit acceptable Proofs of Claim will benefit from the Settlement

created by Plaintiffs' Counsel;

(b)     Over 9,000 copies of the Notice were disseminated to putative Class

Members.  Such Notice disclosed that Class Counsel were moving for attorneys'

fees in the amount not greater than 30% of the Settlement Fund and for

reimbursement of expenses in an amount no greater than  $80,000.   No objections

were filed against the terms of the proposed Settlement or the application for an

award of fees and the reimbursement of expenses requested by Class Counsel

contained in the Notice;

(c)     Class Counsel have conducted the Litigation and achieved the

Settlement with skill, perseverance and diligence;

(d)     The Action involves complex factual and legal issues and was actively

prosecuted over four years and, in the absence of a settlement, would involve further

lengthy proceedings with uncertain resolution of the complex factual and legal

issues;

(e)     Had Class Counsel not achieved the Settlement there would remain a

significant risk that the Class may have recovered less or nothing from the

Defendants;

8

(f)     Class Counsel have devoted over 4004.75 hours, with a lodestar value of $1,857,742.50, to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

14.     Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

15.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to AirGate and/or its insurers, then this Order and Final Judgment, including the order relating to class certification, shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void and of no effect.  Furthermore, the parties shall each be deemed to have reverted to their respective status in the Action on September 10, 2006, and the Court shall then enter an order setting forth a new schedule for discovery, class

9

certification papers and oppositions, summary judgment papers and oppositions, and other such deadlines as are appropriate.

17.    An appeal of one or more portions of this Judgment that awards attorneys' fees or expenses, or approves the Plan of Allocation, shall have no effect whatsoever on the finality of any other portion of this Judgment and shall not affect the Effective Date of the Settlement.

18.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: _April 8_____, 2008  _____
                                    J. Owen Forrester
                                    United States District Judge